UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANDREW LIVINGSTON,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY ADMINISTRATION FOR CHILDREN'S
SERVICES, CROSSROADS JUVENILE
CENTER, AND JAMEL NEDDERMAN,
INDIVIDUALLYAND IN HIS OFFICIAL CAPACITY
FOR THE NEW YORK CITY ADMINISTRATION FOR
CHILDREN SERVICES,

Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND
PROPOSED
CONFIDENTIALITY
ORDER**

19-cv-05209 (KPF)



          **WHEREAS**, Plaintiff Andrew Livingston ("Plaintiff") and Defendant New York

City Department of Education ("Defendant" or "DOE") (collectively, Plaintiff and Defendant are

referred to as "the parties" and are individually referred to as a "party") are engaged in discovery,

and expect to produce certain documents which the parties deem to be confidential ("Confidential

Information"); and

          **WHEREAS**, the parties object to the production of those documents and

information unless appropriate protection for their confidentiality is assured

          **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND**

**ORDERED THAT**:

          1. **Definition of Confidential Information:** As used herein the term

"Confidential Information" shall be defined as : (1) any documents, including electronically-stored

information and email communications, containing personal information of any present or former

employee of the City of New York, except for any named plaintiffs including, but not limited to,

information and documents regarding salary, payroll, promotions, training, discipline, evaluations, post and tour assignments, actual or potential personnel action, investigation files, disciplinary files, and internal Equal Employment Opportunity files; (2) any information of a personal or intimate nature regarding any individual, including, but not limited to, medical records or documents containing personal health information, or; (3) any other category of information this Court subsequently affords confidential status.

2. **Method of Designating Documents and Information as Confidential.** There are two methods by which the parties may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be designated as "Confidential." In addition, the parties may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 60 days after receipt of the final transcript by a party. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Stipulation and Confidentiality Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

3. **Subsequent Designation.** Documents or materials (collectively "documents") produced in this action that are not identified as Confidential Information when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by the parties by providing written notice to the respective counsel and any other person who received such documents. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been

disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

4.      **Contesting Confidential Designations.** The parties may object to the designation of information as "Confidential" by notifying opposing parties (or, for represented parties, the parties' counsel) in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, any Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents and the information contained therein as Confidential.

5.      **Use and Disclosure of Confidential Information.** Information designated as "Confidential" and documents containing information that is "Confidential" shall be used solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

  a.      the parties' counsel of record in this action, and members of their firm and/or office, including any contractors or individuals engaged by them in connection with performing services in this litigation or disposition of this action;

  b.      the parties to this action;

  c.      the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

  d.      deponents, during the course of their depositions;

e.      persons retained by the parties to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by the parties or engaged by them for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below; and

f.      any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and.

Confidential Information or documents disclosed to persons defined in subparagraphs (a) through (e) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (e) of paragraph 5 nor shall any such information or documents be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be attended only by the deponent, the deponent's attorney, the Parties, the Parties' counsel of record, the court reporter or videographer. All persons attending any deposition(s) in this case shall be subject to this Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

6.      **Production of Confidential Information to Experts.** The Non-designating Party or, where represented, that Party's counsel, shall provide a copy of this Order to any person identified in 5(f) above who is to be provided access to the Confidential Information or documents containing Confidential Information and shall require such expert to sign Exhibit A, attached hereto (to be held by the Non-designating Party's counsel and provided to the Designating Party's counsel upon request) before receiving such information or documents.

7.      **Use of Confidential Information.** Neither the documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Confidentiality Order. Except as further provided in this Confidentiality Order, no party nor any counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the disclosing party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room" or public discussion site, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information.

8.      **Filing Documents Under Seal.** Confidential Information may be used in support of, and, in opposition to, motions and at trial. The parties agree, pursuant to this order, medical records or other documents containing personal health information will be filed under seal with the Court. If a party intends to use Confidential Information or reveal the contents thereof for those purposes, that party must notify the other parties of that intent, where practicable, in writing.

A party must request leave of the court to file any other documents marked "confidential" under seal.

9.      **No Waiver of Confidentiality.** This Confidentiality Order does not bar any party from redacting from any documents produced in discovery, the personal identifying information of potential, current or former employees of the New York City Department of Education and/or the City of New York, including, but not limited to home addresses, social security numbers, dates of birth and telephone numbers of those employees and any family members. The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, and the producing party shall not be held to have waived any rights by an inadvertent production.

10.     **No Waiver of Protected Material.**  Nothing in this Confidentiality Order shall be deemed to require or constitute a waiver or disclosure of material protected by any legally recognized state or federal privilege, including the attorney-client privilege or the work-product doctrine. The disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, regardless of the steps taken to avoid disclosure, shall not constitute a waiver by the producing party of any claims of privilege or work-product protection, in this case or any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11.     When the disclosure of any information, document or thing protected by privilege or work-product protection is discovered by either party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). No such produced privileged or work product protected document or information may be used in evidence

against the producing party prior to the resolution of its status by the Court pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) or as otherwise resolved by the Court.

12.     Nothing in this Stipulation and Confidentiality Order is intended to or shall serve to waive or limit a party's right to review, object to the production of, withhold or redact documents, ESI or information (including metadata) for relevance and responsiveness, as permitted or required by state or federal statute, or on the basis of privilege.  Further, nothing contained herein is intended to serve to limit a party's right to make redactions to any documents consistent with Rule 5.2 of the Federal Rules of Civil Procedure.

13.     **Admissibility at Trial or Hearing.** Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

14.     **Return or Destruction of Information.** Within 60 days of final termination of this action, including any appeals, all documents containing Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action), shall be returned to the producing party or destroyed by the party and/or experts who received production of those materials upon written request, with written verification of the destruction to the requesting party. Provided, however, that the parties may keep an archival copy of any confidential information that is needed to comply with record retention requirements.

15.     Nothing in this Stipulation and Confidentiality Order shall be construed to limit the designating party's use of the Confidential Information in any manner.

16.     **Good faith efforts to resolve disputes about Confidential Information.** Plaintiff's and Defendants' counsel shall make good faith efforts to resolve any dispute, and if the

Parties are unable to resolve the dispute either Party may seek the intervention of the Court without

the necessity of formal motion practice, unless the Court directs otherwise.

Dated: September 10 , 2020
New York, New York

By: _____
Mark Shirian, Esq.

**Mark D. Shirian, Esq.**
228 East 45th Street, Suite 1700B
New York, NY 10017
(516) 417-0201
mshiraian@shirianpc.com

Dated: September 1O , 2020
New York, New York

By: _____
Amanda M. Blair
Assistant Corporation Counsel

**JAMES E. JOHNSON**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-172
New York, New York 10007
Tel: (212) 356-8767
ablair@law.nyc.gov

**SO ORDERED**:

_____
 September 10, 2020
DATE New York, New York

_____
Hon. Katherine Polk Failla, U.S.D.J.

This Order does not bind the Court or any of its personnel. The
Court can modify this Order at any time. The Court will retain
jurisdiction over the terms and conditions of this Order only for the
pendency of this litigation. Any party wishing to make redacted or
sealed submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.